# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 02-5285 REC AND CV F 08-1654 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 21) |
| vs. | |
| JESUS OCHOA BUENROSTRO, | |
| Defendant. | |

## INTRODUCTION

Defendant Jesus Ochoa Buenrostro ("Mr. Buenrostro") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered Mr. Buenrostro's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges And Plea Agreement

An August 1, 2002 indictment charged Mr. Buenrostro with two counts--manufacturing marijuana and possessing a firearm in furtherance of a drug trafficking crime.

Mr. Buenrostro entered into a January 21, 2003 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by which Mr. Buenrostro voluntarily agreed to plead guilty to Count I of the indictment, violation of 21 U.S.C. § 841(a)(1)–manufacture of 1,000 or more marijuana plants. The plea agreement provided Mr. Buenrostro's knowing and voluntary waiver of his constitutional and

statutory rights to appeal his plea and conviction. Mr. Buenrostro agreed to waive "his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including, but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255."

Mr. Buenrostro acknowledged that he understood that "a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984" and that "the Court will impose a sentence within the guideline range, unless the Court finds that there is a basis for departure." The sixth page and seventh pages of the plea agreement address the potential sentence Mr. Buenrostro faced, including the following:

> COUNT ONE: (a) Imprisonment.
>
> Mandatory minimum: Ten (10) years (unless the defendant meets the requirements of 18 U.S.C. 3553(f),
>
> which provides for a sentence of less than the mandatory minimum in limited circumstances).
>
> Maximum: Life imprisonment.

In addition, Mr. Buenrostro agreed, in pertinent part, to the following facts:

> [O]n July 18, 2002, law enforcement located a trail alongside a drainage off Wards Ferry Road on Bureau of Land Management property in Tuolumne County. Human footprints were observed and followed to a campsite where defendant JESUS OCHOA BUENROSTRO [sic] apprehended. He was sitting in the campsite which contained a tent and food items with a loaded Ruger .22 caliber handgun next to him.
>
> Adjacent to where defendant BUENROSTRO was located, law enforcement located separate cultivation sites that contained a total of 3,510 marijuana plants. There was PVC pipe throughout the cultivation sites. Defendant BUENROSTRO admitted he was cultivating marijuana and he had the handgun to protect himself from animals.

## **Acceptance of the Plea Agreement**

On January 21, 2003, the Court questioned Mr. Buenrostro about whether he understood the terms of the plea agreement and whether he accepted those terms voluntarily. Regarding the potential sentence imposed, the following exchange occurred:

> THE COURT: Has anyone made any promises to get you to plead guilty other than the agreement that you have with the United States Attorney's office?
> THE DEFENDANT: No.
> THE COURT: Do you understand the Court is not bound by that agreement and

|   |   |
|---|---|
| | that if the Court should sentence you different than what's in that agreement, or if the probation office should recommend something different than what's in that agreement, you will not be allowed to withdraw your plea of guilty. And with that in mind, do you still wish to enter a plea of guilty? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you understand the Court can sentence you as I'm about to tell you: **No matter what anybody else may have told you. As to count–on Count One of the indictment. I must give you a mandatory minimum of ten years unless you meet certain requirements**. I can give you up to life imprisonment...With all of that in mind and with those items that I have explained to you that you've waived, do you still wish to enter a plea of guilty in this matter? (emphasis added) |
| THE DEFENDANT: | Yes. |

Thereafter, the Court accepted Mr. Buenrostro's guilty plea and set a review of the probation pre-sentence report and sentencing in this matter for a later date.

### Objections to the Probation Report

Assistant Federal Defender Robert W. Rainwater ("Mr. Rainwater"), as Mr. Buenrostro's defense counsel, objected to the pre-sentence investigation report on April 7, 2003. Mr. Rainwater objected to a suggested 2D1.1(b)(1) two-level enhancement for possession of a firearm and further objected to the recommendation that Mr. Buenrostro was not entitled to the Safety Valve U.S.S.G. 5C1.2 (18 U.S.C. §3553(f)) ("Safety Valve"). Mr. Rainwater argued that because Mr. Buenrostro possessed the gun for protection against animals, Mr. Buenrostro met his burden of proof, by a preponderance of the evidence, that he did not possess the weapon in connection with the marijuana cultivation. Mr. Rainwater concluded that no additional levels should be added to the base offense level, Mr. Buenrostro was entitled to the Safety Valve, and, based on Mr. Buenrostro's criminal history, his guideline range was 37-46 months.

In response, the Government, by and through Assistant United States Attorney Laurel J. Montoya ("Ms. Montoya") argued, *inter alia*, that Mr. Buenrostro was not entitled to the Safety Value, because "[e]ven if the firearm was to be used solely as protection from animals, it still would be possessed in connection with the offense as he would not be at the campsite in the wilderness but for his participation in the cultivation of marijuana."

### Sentencing

The Court conducted an April 14, 2003 sentencing hearing. Mr. Rainwater again objected to the

pre-sentence report and argued that the firearm was not used in connection with the offense and moved for the Court to consider the Safety Valve. After considering the arguments, the Court ruled as follows:

> THE COURT: [T]he Court is satisfied that there is sufficient [sic] to show that the firearm was for the purpose of protection. It was a handgun. It certainly wasn't a hunting gun. It was in possession of the defendant while out in the wilderness cultivating marijuana. So the Court would find that the objection to the probation report should not be sustained.

Consistent with the plea agreement, this Court sentenced Mr. Buenrostro to the statutory minimum of a term of 120 months (10 years) imprisonment and 60 months of supervised release upon release from imprisonment. After Mr. Buenrostro was sentenced, and consistent with the plea agreement, the Government moved to dismiss Count II of the Indictment. Mr. Buenrostro did not file a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals.

### Section 2255 Motion

On October 27, 2008, Mr. Buenrostro filed his section 2255 motion. Mr. Buenrostro claims that his plea not intelligent or voluntary because, at the time he entered his guilty plea, he understood that he would receive 37 months of jail time and did not understand that he would receive the mandatory minimum sentence of 10 years imprisonment. In his motion, Mr. Buenrostro acknowledges that his motion is untimely, but argues that this Court should nevertheless consider his motion because it was "filed as soon as [he] was able to receive and understand [his] plea agreement."

### DISCUSSION

This Court finds three independent bases for dismissal of Mr. Buenrostro's section 2255 motion, as discussed more fully below. First, Mr. Buenrostro's voluntary and intelligent plea may not be attacked collaterally. Second, Mr. Buenrostro waived his right to attack collaterally his sentence with a section 2255 motion. Third, Mr. Buenrostro's motion is untimely. For each of these reasons, "it plainly appears from the face of the motion...that the movant is not entitled to relief." *U.S. v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987). Accordingly, this Court "*must* dismiss" Mr. Buenrostro's section 2255 motion. *Id.* (emphasis in original).

### Voluntary and Intelligent Plea

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who

has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Here, Mr. Buenrostro acknowledged that he was fully aware of the direct consequence of his plea, in both written and oral form. In the written plea agreement, Mr. Buenrostro acknowledged and agreed that the statutory minimum of imprisonment was 10 years, unless he met certain requirements. At the time of the oral plea, Mr. Buenrostro stated under oath that he was entering into the plea of guilty voluntarily, that he was satisfied with his attorney's representation, and that no one had forced him or threatened him to plead guilty. He stated that he understood that the minimum sentence for his offense was 10 years imprisonment and that sentencing was at the discretion of the Court. Thus, under *Brady*, Mr. Buenrostro's plea must stand, as his plea was voluntary and intelligent.

### Waiver

Mr. Buenrostro's waiver to attack collaterally his sentence with a section 2255 motion precludes Mr. Buenrostro's claims, if any, related to his sentence. A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th

Cir. 1994).  The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Mr. Buenrostro's waiver of his appellate and collateral attack rights, as part of Mr. Buenrostro's knowing and voluntary plea agreement, is valid.  When reviewing his plea in open court, Mr. Buenrostro affirmed his desire to be bound by the terms of the plea agreement.  Because Mr. Buenrostro waived his right to attack collaterally his sentence in a section 2255 motion, Mr. Buenrostro is precluded to raise such issues in this section 2255 motion which do not relate to the performance of his attorney or voluntariness of waiver.  *See Abarca*, 985 F.2d at 1013.

## Statute of Limitations

Mr. Buenrostro's motion is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 124, imposed a one-year statute of limitations period on a federal prisoner's collateral attack on his or her federal sentence. *Johnson v. United States*, 544 U.S. 295, 299 (2005).  The applicable statue of limitations is embodied in 28 U.S.C. § 2255(f), which reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." *U.S. v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting *Flynt v. Ohio*, 451 U.S. 619, 620 (1981)); *see also, Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989) ("[A] criminal judgment necessarily includes the sentence imposed upon the defendant.").  As Mr. Buenrostro's sentence was imposed over three years ago, Mr. Buenrostro's claim is barred by the statute of limitations.

Moreover, Mr. Buenrostro provides no basis for equitable tolling.  Equitable tolling is unavailable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).  Accordingly, Mr.

Buenrostro's motion is dismissed on this independent basis.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Buenrostro's conviction. Accordingly, a certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Buenrostro's section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 08-1654.

IT IS SO ORDERED.

**Dated:   November 10, 2008**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE